UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

STEFAN SIMPSON,

          Petitioner,          Case No. 1:22-cv-842

v.                                         Honorable Hala Y. Jarbou

JAMES SCHIEBNER,

          Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner filed his petition on a form seeking relief under 28 U.S.C. § 2241. That section authorizes this Court to grant writs of habeas corpus for certain prisoners, including a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). That provision necessarily includes a prisoner "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Yet Congress created a separate habeas section—§ 2254—for prisoners in custody pursuant to the judgment of a state court.

Section 2254 "is not a 'separate source of habeas jurisdiction' from the grant of general jurisdiction in § 2241(a)." *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2011) (quoting *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006)). Instead, it "implement[s] [existing] authority with respect to state prisoners." *Id.* (quoting *Allen*

*v. White*, 185 F. App'x 487, 489 (6th Cir. 2006)) (internal quotation marks omitted). That implementation, however, is subject to "significant limitations" enacted in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Id.* For example, habeas relief under § 2254 is not available for violations of state law, applicants must exhaust state court remedies, habeas review of state court determinations of law and fact is particularly deferential, applicants may not file second or successive petitions without the permission of a circuit court of appeals, and petitions are subject to a one-year statute of limitations. The Sixth Circuit has concluded that "all petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254 and subject to the AEDPA's restrictions[,]" even if the state prisoner purports to file the petition under § 2241. *Rittenberry*, 468 F.3d at 337.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred

under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, it appears that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of this order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

## Discussion

### I. Factual Allegations

Petitioner Stefan Simpson is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. On August 22, 2012, Petitioner pleaded guilty in the Wayne County Circuit Court to armed robbery, in violation of Mich. Comp. Laws § 750.529, and using a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. In exchange for his plea, the prosecution dismissed several other charges and agreed to limit Petitioner's sentence for armed robbery to an 11-year and a 25- minimum year maximum. On September 10, 2012, the court sentenced Petitioner to a prison term of 11 to 25 years for armed robbery to be served consecutively to a sentence of 2 years for felony-firearm.

On September 7, 2022, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

3

Petitioner placed his petition in the prison mailing system on September 7, 2022. (Pet., ECF No. 1, PageID.9.)

## II.    Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of

4

direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on April 28, 2014. Petitioner did not petition for certiorari to the United States Supreme Court. (Pet., ECF No. 1, PageID.3.) The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, July 28, 2014.

Petitioner had one year from July 28, 2014, until July 28, 2015, to file his habeas application. Petitioner filed his application on September 7, 2022. Obviously, he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the

5

time that a Petitioner petitions, or could petition, for writ of certiorari in the United States Supreme Court. *Id.* at 332.

Petitioner filed his first motion for relief from judgment on November 10, 2015. *People v. Simpson*, No. 12-002002-01-FC (Wayne Cnty. Cir. Ct.), Register of Actions, available at https://cmspublic.3rdcc.org/default.aspx (select Criminal Case Records, search Last Name "Simpson," First Name "Stefan," Date of Birth "8/18/1994," select Case Number "12-002002-01-FC," last visited Oct. 5, 2022). The trial court denied the motion for relief from judgment on February 10, 2016. *Id*. Petitioner filed an application for leave to appeal to the Michigan Court of Appeals. That court denied leave by order entered September 2, 2016. *People v. Simpson*, No. 333233 (Mich. Ct. App.) Case Information, available at https://www.courts.michigan.gov/c/courts/coa/case/333233 (last visited Oct. 5, 2022). Petitioner then turned to the Michigan Supreme Court. That court denied leave by order entered May 2, 2017. *Id*.

Petitioner filed a second motion for relief from judgment on December 22, 2020. *People v. Simpson*, No. 12-002002-01-FC (Wayne Cnty. Cir. Ct.), Register of Actions, available at https://cmspublic.3rdcc.org/default.aspx (select Criminal Case Records, search Last Name "Simpson," First Name "Stefan," Date of Birth "8/18/1994," select Case Number "12-002002-01-FC," last visited Oct. 5, 2022). It appears that motion was denied by order entered June 1, 2021. *Id*. Petitioner filed his third motion for relief from judgment on December 16, 2021. *Id*. The court denied that motion by order entered August 22, 2022. *Id*.

Those motions, however, did not toll the period of limitations because it had already expired. The tolling provision does not "revive" the limitations period; it does not "restart the clock . . . it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotation marks omitted). When the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Id*. Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See McClendon v. Sherman*, 329 F.3d 490, 493–94 (6th Cir. 2003). Because Petitioner's one-year period expired in during July of 2015, a collateral motion filed in November of 2015, or in 2020, or 2021, would not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

7

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

In Petitioner's motion to appoint counsel (ECF No. 4), Petitioner claims that he is presently disabled by symptoms of "long COVID." (*Id.*, PageID.28.) His present disability could not have prevented Petitioner from the timely pursuit of his habeas petition because the period of limitation expired long before the first cases of COVID-19 infection.

Petitioner has not offered any ground to support equitable tolling of the statute.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the

8

petitioner.]'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)).  Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence.  *Id.* at 399–400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him.  *Schlup*, 513 U.S. at 327, 329.  Indeed, Petitioner's habeas challenges relate only to his sentence, not the determination of guilt. (ECF No. 1, PageID.10.)  Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).  His petition therefore appears to be time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day,* 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020).  The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

9

### III. Appointment of Counsel

Petitioner has moved for the appointment of counsel. (ECF No. 4.) Indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Johnson v. Avery*, 393 U.S. 483, 488 (1969); *Barker v. Ohio*, 330 F.2d 594, 594–95 (6th Cir. 1964); *see also Lovado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. Rule 8(c), Rules Governing Section 2254 Cases.

The Court has considered the complexity of the issues and the procedural posture of the case. At this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Petitioner's position. Petitioner's motion for a court-appointed attorney will therefore be denied. The Court may appoint counsel at a future time if a hearing is necessary or if other circumstances warrant.

### IV. Motion to Expedite

Petitioner claims that he "is entitled to expedited consideration" of his petition. (ECF No. 5, PageID.39.) It is somewhat ironic that Petitioner would wait years after the statutory deadline to file his petition and then demand expedited consideration. The Court generally reviews habeas corpus actions in the order they were filed. There are many cases ahead of Petitioner's. The Court will reach the merits of Petitioner's case in due course; it would be unfair to other petitioners to take this case out of turn.

## **Conclusion**

An order consistent with this opinion will be entered.

Dated: October 11, 2022 /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge