UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

STEFAN SIMPSON,

        Petitioner,

v.

JAMES SCHIEBNER,

        Respondent.

_____/

Case No. 1:22-cv-842

Honorable Hala Y. Jarbou

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner filed his petition on a form seeking relief under 28 U.S.C. § 2241. That section authorizes this Court to grant writs of habeas corpus for certain prisoners, including a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). That provision necessarily includes a prisoner "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Yet Congress created a separate habeas section—§ 2254—for prisoners in custody pursuant to the judgment of a state court.

Section 2254 "is not a 'separate source of habeas jurisdiction' from the grant of general jurisdiction in § 2241(a)." *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2011) (quoting *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006)). Instead, it "implement[s] [existing] authority with respect to state prisoners." *Id.* (internal quotation marks omitted) (quoting *Allen v. White*, 185 F. App'x 487, 489 (6th Cir. 2006)). That implementation, however, is subject to "significant limitations" enacted in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Id.*

For example, habeas relief under § 2254 is not available for violations of state law, applicants must exhaust state court remedies, habeas review of state court determinations of law and fact is particularly deferential, applicants may not file second or successive petitions without the permission of a circuit court of appeals, and petitions are subject to a one-year statute of limitations. The Sixth Circuit has concluded that "all petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254 and subject to the AEDPA's restrictions[,]" even if the state prisoner purports to file the petition under § 2241. *Rittenberry*, 468 F.3d at 337.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).

After preliminarily reviewing the petition, as required by Rule 4, Magistrate Judge Phillip J. Green noted that it appeared that the petition was barred by the one-year statute of limitations. (Op. and Order, ECF No. 10, 11.) Nonetheless, Magistrate Judge Green, by way of an order to show cause, permitted Petitioner an opportunity to demonstrate why his petition should not be

2

dismissed as untimely. (*Id.*) Petitioner has filed a response to the order to show cause, along with a supporting affidavit. (ECF Nos. 12, 13.)

## Discussion

### I. Factual Allegations

Petitioner Stefan Simpson is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. On August 22, 2012, Petitioner pleaded guilty in the Wayne County Circuit Court to armed robbery, in violation of Mich. Comp. Laws § 750.529, and using a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. In exchange for his plea, the prosecution dismissed several other charges and agreed to limit Petitioner's sentence for armed robbery to an 11-year minimum and a 25-year maximum. On September 10, 2012, the court sentenced Petitioner to a prison term of 11 to 25 years for armed robbery to be served consecutively to a sentence of 2 years for felony-firearm.

On September 7, 2022, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on September 7, 2022. (Pet., ECF No. 1, PageID.9.)

### II. Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

3

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on April 28, 2014. Petitioner did not petition for certiorari to the United States Supreme Court. (Pet., ECF No. 1, PageID.3.) The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, July 28, 2014.

4

Petitioner had one year from July 28, 2014, until July 28, 2015, to file his habeas application. Petitioner filed his application on September 7, 2022. Obviously, he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions, or could petition, for writ of certiorari in the United States Supreme Court. *Id.* at 332.

Petitioner filed his first motion for relief from judgment on November 10, 2015. *People v. Simpson*, No. 12-002002-01-FC (Wayne Cnty. Cir. Ct.), Register of Actions, https://cmspublic.3rdcc.org/default.aspx (select Criminal Case Records, search Last Name "Simpson," First Name "Stefan," Date of Birth "8/18/1994," select Case Number "12-002002-01-FC") (last visited Nov. 28, 2022). The trial court denied the motion for relief from judgment on February 10, 2016. *Id*. Petitioner filed an application for leave to appeal to the Michigan Court of Appeals. That court denied leave by order entered September 2, 2016. *People v. Simpson*, No. 333233 (Mich. Ct. App.) Case Information, https://www.courts.michigan.gov/c/courts/coa/case/333233 (last visited Nov. 28, 2022). Petitioner then turned to the Michigan Supreme Court. That court denied leave by order entered May 2, 2017. *Id*.

Petitioner filed a second motion for relief from judgment on December 22, 2020. *People v. Simpson*, No. 12-002002-01-FC (Wayne Cnty. Cir. Ct.), Register of Actions, available at https://cmspublic.3rdcc.org/default.aspx (select Criminal Case Records, search Last Name "Simpson," First Name "Stefan," Date of Birth "8/18/1994," select Case Number "12-002002-01-FC," last visited Nov. 28, 2022). It appears that motion was denied by order entered June 1, 2021. *Id*. Petitioner filed his third motion for relief from judgment on December 16, 2021. *Id*. The court denied that motion by order entered August 22, 2022. *Id*.

Those motions, however, did not toll the period of limitations because it had already expired. The tolling provision does not "revive" the limitations period; it does not "restart the clock . . . it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotation marks omitted). When the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Id*. Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See McClendon v. Sherman*, 329 F.3d 490, 493–94 (6th Cir. 2003). Because Petitioner's one-year period expired during July of 2015, a collateral motion filed in November of 2015, or in 2020, or 2021, would not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g.*, *Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517,

6

521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In the petition, Petitioner failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. In his response to the order to show cause, however, he argues that the ineffective assistance of his appointed appellate counsel constitutes "cause." (Pet'r's Resp., ECF No. 12, PageID.63.) Attorney misconduct might constitute "cause." On one end of the spectrum, a "garden variety claim of excusable neglect," such as a simple miscalculation of the limitations period, does not warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). On the other end, "[t]olling . . . is available . . . for 'serious instances of attorney misconduct.'" *Christeson v. Roper*, 574 U.S. 373, 378 (2015) (quoting *Holland*).

The Court concludes that the statement Petitioner attributes to his appellate counsel is, at worst, excusable neglect. Petitioner claims that appellate counsel stated that "if the Michigan Court of Appeals 'denies' l'v to appeal, Petitioner can file an application for l'v to the Michigan Supreme Court, and if said l'v application is also 'denied' there is not any other way to challenge your plea based conviction." (Pet'r's Resp., ECF No. 12, PageID.63.)

It is odd that Petitioner would offer this as an extraordinary circumstance that "stood in his way," because it did not stand in his way when he filed multiple motions for relief from judgment in the Michigan courts. Those motions, too, were not included in the limited scope of available relief purportedly offered by Petitioner's appellate counsel. If, indeed, Petitioner's counsel's statement precluded Petitioner from pursuing any relief but his initial applications for leave to

appeal to the Michigan Court of Appeals and the Michigan Supreme Court, how was he able to proceed with his motions for relief from judgment? Petitioner's claim is disingenuous.

Moreover, even after learning that counsel's purported statement was inaccurate, Petitioner sat on his hands for three and one-half years after his first motion for relief from judgment had worked its way through all levels of the Michigan courts. The Court concludes, therefore, that the "misconduct" Petitioner attributes to his appellate counsel did not "stand in the way" of Petitioner's pursuit of federal habeas relief. The Court concludes further that even if counsel's statement slowed Petitioner down in pursuing such relief, Petitioner was not at all diligent in his pursuit of that relief. Accordingly, the Court finds that counsel's statement is not "cause" that might warrant the equitable tolling of the statute of limitations.

Petitioner also suggests that, alone, he was not capable of filing a petition for habeas relief. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling." (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991))). Once again, Petitioner has not offered any ground to support equitable tolling of the statute.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "it is more likely than not that no reasonable

juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327) (addressing actual innocence as an exception to procedural default). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Indeed, Petitioner's habeas challenges relate only to his sentence, not the determination of guilt. (ECF No. 1, PageID.10.) Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His petition therefore is time-barred and the Court will enter judgment dismissing the petition with prejudice.

### III. Certificate of appealability

The Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

Reasonable jurists could not find it debatable whether Petitioner's application was timely. It is several years late. Petitioner does not contest the Court's recounting of the procedural history and the relevant time periods. Petitioner's only contention is that it was counsel's fault that Petitioner did not file a habeas petition sooner. For the reasons set forth above, the Court concludes that Petitioner's claim is disingenuous. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

An order and judgment consistent with this opinion will be entered.

Dated: November 30, 2022  /s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE